**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-40559
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID LYLE GONZALES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-36-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Lyle Gonzales appeals his bench trial conviction for transporting and moving undocumented aliens within the United States by motor vehicle. He contends that the district court erred by denying his motion to suppress all evidence obtained following a traffic stop of his vehicle because the Border Patrol agent who stopped his vehicle lacked reasonable suspicion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of a motion to suppress, the district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). "[W]e view the evidence in the light most favorable to the party prevailing below, which in this case is the Government." *Id.*

"A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle only if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). In assessing whether the stop was supported by reasonable suspicion, we consider the totality of the circumstances in light of factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975). *Id.*

In the present case, United States Border Patrol Agent Donald Joseph Kenefrick testified that he initially observed Gonzales's Ford Expedition on Highway 44 near Freer, Texas, almost 60 miles from the Mexican border. As there was no evidence presented that Agent Kenefrick had reason to believe that Gonzales's vehicle had come from the border, the proximity to the border factor is not present and we must examine the remaining factors charily. *See United States v. Rodriguez-Rivas*, 151 F.3d 377, 380 (5th Cir. 1998).

Agent Kenefrick, who has worked as a Border Patrol agent in the Freer area for four years, testified that the area was commonly used by smugglers, as demonstrated by the daily complaints the Border Patrol received from area residents and the number of arrests he had made in the area. This testimony showed that the characteristics of the area factor, the information about recent illegal trafficking in the area factor, and the experience of the agent factor weighed in favor of reasonable suspicion. *See Jacquinot*, 258 F.3d at 428-30. Agent Kenefrick averred that it was unusual for a vehicle not related to the oil industry to be traveling on Highway 44 at 5:30 a.m. as Gonzales was, making

the usual traffic patterns factor weigh in favor of reasonable suspicion. *See id.* at 429. He further maintained that the rear bumper of Gonzales's Expedition was riding lower than the front bumper, indicating that something heavy was in the vehicle beyond the driver and four passengers that he was able to see. This testimony showed that the characteristics of the vehicle factor and the number, appearance, and behavior of the passengers factor weighed at least slightly in favor of reasonable suspicion. *See United States v. Lopez-Gonzalez*, 916 F.2d 1011, 1015 (5th Cir. 1990); *United States v. Zapata-Ibarra*, 212 F.3d 877, 883 (5th Cir. 2000). Agent Kenefrick testified that when Gonzales passed his marked patrol vehicle, Gonzales tapped his breaks even though he was not speeding. When Gonzales approached Freer, he made a left turn onto a residential street, and Agent Kenefrick testified that smugglers commonly turned onto a residential street in Freer to avoid the well lit intersection of Highway 59 and Highway 16 because there was usually a law enforcement officer stationed at that intersection. Accordingly, the behavior of the driver factor weighed in favor of reasonable suspicion. *See Jacquinot*, 258 F.3d at 429-30; *United States v. Villalobos*, 161 F.3d 285, 291 (5th Cir. 1998).

While the important proximity to the border factor weighed against reasonable suspicion, the totality of the circumstances showed that Agent Kenefrick had a reasonable suspicion of illegal activity sufficient to make the traffic stop. *See Jacquinot*, 258 F.3d at 430; *United States v. Aldaco*, 168 F.3d 148, 150-52 (5th Cir. 1999). Accordingly, the district court did not err by denying the motion to suppress. *See Jacquinot*, 258 F.3d at 430.

Gonzales also argues that the written judgment does not properly reflect the correct term of supervised release imposed by the district court at a resentencing hearing. The written judgment, however, was entered after the resentencing hearing, and the minute entry of the resentencing hearing is unsigned and does not unequivocally show that the written judgment is incorrect. A transcript of the resentencing hearing does not appear in the record,

and Gonzales has not requested a transcript of the hearing for the present appeal. Gonzales, as the appellant, has the duty to request the necessary transcripts for his appeal. *See* FED. R. APP. P. 10(b)(1); FED. R. APP. P. 11(a). As the record is insufficient to substantiate Gonzales's assertion, he is not entitled to relief. *See Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992). If Gonzales can demonstrate in the future that the written judgment does not reflect the oral pronouncement of sentence and is the result of a clerical error, he can file a motion to correct the clerical error in the district court. *See* FED. R. CRIM. P. 36.

AFFIRMED.